**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 21, 2019

LETTER TO PARTIES

      RE:    *Kenda D. v. Commissioner, Social Security Administration*;
                Civil No. SAG-19-352

Dear Plaintiff and Counsel:

      On February 6, 2019, Plaintiff filed a complaint, *pro se*, complaining of a final decision by the Commissioner of the Social Security Administration ("SSA"). ECF 1. The Commissioner filed a Motion to Dismiss for lack of subject matter jurisdiction, citing Plaintiff's untimely Complaint and her failure to exhaust her administrative remedies. ECF 15. Plaintiff filed two letters in response. ECF 17, 18. I have carefully reviewed the parties' filings, and no hearing is necessary. Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the Commissioner's Motion to Dismiss must be granted.

      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complainant. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). Generally, when a court considers a motion to dismiss for lack of subject matter jurisdiction, it "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding into one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("A trial court may consider evidence by affidavit, depositions, or live testimony."). In considering this motion, I have considered the declaration filed by Janay Podraza, the Chief of Court Case Preparation and Review Branch II of the Office of Appellate Operations at SSA, along with its supporting documentation. ECF 15-2.

      A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing *Thomas v. Gaskill*, 315 U.S. 442, 446 (1942); *Goldsmith v. Mayor of Balt.*, 845 F.2d 61, 63-64 (4th Cir. 1088)). However, a *pro se* plaintiff's complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1987) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)) (quotation and citation omitted). *Pro se* filings "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Nevertheless, where a plaintiff has failed to exhaust administrative remedies before bringing a claim, the action should be dismissed under Rule 12(b)(1). *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 607-08 (D. Md. 2003), *aff'd* 85 F. App'x 960 (4th Cir. 2004).

After her earlier claims for benefits were denied, Plaintiff filed a claim for Supplemental Security Income on April 9, 2014, and was found to be disabled. ECF 15-2, Exh. 6. On December 27, 2017, the SSA reviewed Plaintiff's case and determined that she was no longer disabled. ECF 15-2, Exh. 7. Plaintiff requested reconsideration of that decision. ECF 15-2, Exh. 8. By notice dated April 20, 2018, the SSA revised its determination and informed Plaintiff that her Supplemental Security Income would continue, because she remained disabled. ECF 15-2, Exh. 9. Subsequent communications in 2018 confirmed that Plaintiff's benefits would continue. ECF 15-2, Exh. 10-11.

Plaintiff's Complaint in this case states that she is appealing from a "final decision by the Commissioner against plaintiff" in 2016. ECF 1. According to the materials submitted by Ms. Podraza, there are no communications in Plaintiff's file dated in 2016. ECF 15-2.

The Federal Government and its agencies, including SSA, are immune from suit, absent a statute expressly permitting a court to exercise jurisdiction. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Under the Social Security Act, 42 U.S.C. § 301 *et. seq.*, United States District Courts have the authority to review decisions of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). The Act precludes judicial review absent a "final decision," *see Califano v. Sanders*, 430 U.S. 99, 108 (1977), and clarifies that the remedy provided by 42 U.S.C. § 405(g) is exclusive: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). Social Security Administration regulations define a "final decision" of the Commissioner as an "initial determination" that has been pursued through all steps of the administrative review process. *See* 20 C.F.R. § 416.1400(a). Indeed, the Supreme Court has long required parties to exhaust administrative remedies before seeking relief from the courts. *See McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992). The Social Security administrative review process entails four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge hearing and decision; and (4) Appeals Council review or denial thereof. 20 C.F.R. § 416.1400(a)(1)-(4). Once a claimant has completed that process, a "final decision" has been issued, and the claimant may seek judicial review. 20 C.F.R. § 416.1400(a)(5). Appeal of a final decision ordinarily must be "commenced within sixty days after the mailing" to the claimant of notice of the decision. 42 U.S.C. § 405(g).

Although the file does not evidence any decisions mailed to Plaintiff in 2016, even if such a decision had been mailed, Plaintiff did not seek reconsideration or proceed through any other stages of the administrative appeal process. Of the decisions contained in Plaintiff's file, the most recent was the letter of June 2, 2018, which was favorable to Plaintiff because it affirmed her continued receipt of Supplemental Security Income benefits. ECF 15-2, Exh. 11. Again, the record does not reflect that Plaintiff asked for reconsideration of that decision, or pursued any other type of administrative appeal. Finally, there are no decisions, of any sort, mailed within sixty days of the filing of Plaintiff's Complaint. Accordingly, this Court cannot exercise jurisdiction over Plaintiff's appeal.

*Kenda D. v. Commissioner, Social Security Administration*
Civil No. SAG-19-352
June 21, 2019
Page 3

      For the reasons set forth herein, the Commissioner's Motion to Dismiss, ECF 15, is GRANTED. The clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                          Sincerely yours,

                              /s/

                          Stephanie A. Gallagher
                          United States Magistrate Judge